UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUAN J. GOMEZ VAZQUEZ,<br><br>                              Plaintiff,<br>     v.<br><br>PIERCE COUNTY JAIL and TACOMA POLICE DEPARTMENT,<br><br>                            Defendants. | No. C12-5268 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: June 15, 2012** |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is pending. The Court reviewed Plaintiff's proposed civil rights complaint and determined that the complaint primarily seeks relief in habeas. ECF No. 1. In his complaint, Plaintiff also vaguely alleged that unnamed staff members of the Pierce County Jail had denied him access to his mail and writing materials, and were sanctioning him for attempting to access the courts. ECF No. 1, at 2. However, Plaintiff failed to allege who had denied him access and how he was harmed. For that reason, the Court declined to serve the complaint but gave Plaintiff the opportunity to file an amended complaint. In the meantime, the Court held his application to proceed *in forma pauperis* (ECF No. 4) pending Plaintiff's response so that Plaintiff would not incur the $350.00 filing fee debt.

In response to the Court's Order, Plaintiff filed a note asking the Court to "acknowledge his pro se status" and to obtain copies of his transcripts in his state court case. ECF No. 6. He also submitted copies of a Pierce County Sheriff's Department Inmate Behavioral Log, an

REPORT AND RECOMMENDATION - 1

undated and untitled note, a Pierce County Inmate Grievance dated February 2, 2012, and a kite dated January 10, 2012. ECF Nos. 6 and 7. The filings confirm that Plaintiff has again failed to plead any constitutional violation against any named defendant. His complaint should be dismissed.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

REPORT AND RECOMMENDATION - 2

United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted. Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 570.

REPORT AND RECOMMENDATION - 3

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the Court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In his complaint, Plaintiff alleges that unnamed staff members of the Pierce County Jail have denied him access to the Courts by depriving him access to mail, legal mail, copies, pencil, typewriter, motions, and briefs, and by sanctioning him for trying to access the courts. ECF No. 1, at 2.

Pursuant to the Fourteenth Amendment due process clause, inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). That access must be "adequate, effective, and meaningful." *Id*. at 822. In *Bounds*, the Supreme Court held that the "fundamental constitutional right of access to the courts

REPORT AND RECOMMENDATION - 4

requires [assistance] in the preparation and filing of meaningful legal papers by providing ... adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 817 (emphasis added); see also, *Lindguist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 855 (9th Cir.1985) (expressly adopting *Bounds'* recognition of alternative means to meet due process requirement of access to the courts). *Bounds* holds that providing access to libraries or adequate legal assistance are merely examples of constitutionally acceptable methods "to assure meaningful access to the courts." 430 U.S. at 830 (decision did not foreclose alternative means to achieve that goal).

To prevail on an access to courts claim, Plaintiff must also establish a violation of his right to access the courts. To show a violation of this right to access the courts, Plaintiff must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989); *see also Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (violation can be found where the actual injury arises from the alleged inadequacies in the law library, legal assistance program or access provided by officials).

Here, Plaintiff alleges generally that some unnamed individuals have denied him access to the "Court to address legal issues". ECF No. 1, at 1. Plaintiff fails to allege who has denied him access, when access was denied, what type of access was denied, and how he was harmed. Plaintiff must allege a specific instance or instances in which a particular official or officials caused actual injury in his case by denying him access to the courts. Although he was given an opportunity to amend his complaint to more fully allege facts surrounding this claim, Plaintiff has failed to do so.

In addition, Plaintiff has named only the Pierce County Jail and the Tacoma Police Department as defendants. As noted above, Plaintiff must name the particular official or officials whom he alleges violated his constitutional rights. If it is his intention to sue the Pierce County Jail and Tacoma Police Department, he must show that the alleged unconstitutional deprivation of rights of which he complains arises from a governmental custom, policy, or practice. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality's "policy can be one of action or inaction," although "[b]oth types of claims require that the plaintiff prove a constitutional violation." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). In the absence of a formal policy, Plaintiff must identify a "longstanding practice or custom which constitutes the standard operating procedure" that caused his alleged constitutional deprivation, and this practice or custom cannot be "predicated on isolated or sporadic incidents[.]" *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996). Thus, to state a constitutional claim against a municipality, a plaintiff must (1) identify the specific "policy" or "custom," (2) fairly attribute the policy or custom and fault for its creation to the municipality, and (3) establish the necessary "affirmative link" between the identified policy or custom and the specific constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Plaintiff's complaint is devoid of any such allegations.

Plaintiff also alleges that he is wrongfully imprisoned because a police officer submitted a false sworn affidavit which relied heavily on false confidential informant information and that the prosecutor and his defense counsel were aware of this but failed to address the issue and other search and seizure issues prior to trial. ECF No. 1, at 3. Plaintiff asks this Court to order the Pierce County Superior Court to release him, to prosecute the "people involved in the raid"

REPORT AND RECOMMENDATION - 6

of his personal property, to file criminal charges against the police officer, and to prosecute the prosecutor involved in his state criminal trial. *Id.*, at 3-4.

"To maintain an action for malicious prosecution, the plaintiff must allege and prove the following: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. *Bender v. City of Seattle*, 99 Wn.2d 582, 593 (1983).

Here, there is no allegation that the proceedings against the Plaintiff were terminated on the merits in his favor or were abandoned. In addition, before a § 1983 plaintiff may recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230,

REPORT AND RECOMMENDATION - 7

231 (9th Cir. 1988). State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Plaintiff does not allege that the state court proceedings against him were terminated on the merits in his favor or were abandoned. He does not allege that his state court conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. He does not allege that he has exhausted his state court remedies.

Plaintiff is further advised that a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), cert. denied, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078.

Plaintiff was given an opportunity to amend his complaint to state a viable Section 1983 claim. He has failed to do so. His complaint should be dismissed.

# CONCLUSION

Because Plaintiff seeks an earlier release from confinement and damages relating to his continued confinement, his action is not cognizable under 42 U.S.C. § 1983 and he has failed to otherwise state a viable claim under 42 U.S.C. § 1983. His complaint (ECF No. 1) should be dismissed and his application to proceed *informa pauperis* (ECF No. 4) should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 15, 2012**, as noted in the caption.

**DATED** this  22nd  day of May, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9